UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH FARHAT,<br>    Plaintiff,<br>    v.<br>CALIFORNIA DEPT. OF JUSTICE,<br>    Defendant. | Case No. 18-06233 BLF (PR)<br>**ORDER OF DISMISSAL** |

Plaintiff, a state prisoner, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983. (Docket No. 5.) Plaintiff's motion for leave to proceed *in forma pauperis* will be addressed in a separate order.

**DISCUSSION**

**A.**  **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune

from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.** **Plaintiff's Claims**

Plaintiff claims violations of state and U.S. constitutional due process rights in connection with probation revocation proceedings which exceeded "45 day final hearing limit upon arrest." (Compl. at 3.) Plaintiff seeks a court order directing the state courts to dismiss the probation violation/revocation, reinstate or terminate probation, refer the matter to "Veterans Court," as well as grant monetary damages. (*Id.*)

"'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus.'" *Hill v. McDonough*, 547 U.S. 573, 579 (2006) (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004)). "An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983." *Id.*

Habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier release'" from confinement. *Skinner v. Switzer*, 562 U.S. 521, 533-34 (2011) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)); *see Calderon v. Ashmus*, 523 U.S. 740, 747 (1998); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). A parole claim, or a probation claim as in the case at bar, that affects the legality or duration of a prisoner's custody, and a determination of which may likely result in entitlement to an earlier release, must be brought in habeas. *See Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997); *Young v. Kenny*, 907 F.2d 874, 876-78 (9th

2

1  Cir. 1990), *cert. denied*, 498 U.S. 1126 (1991); *Bostic v. Carlson*, 884 F.2d 1267, 1269 (9th Cir. 1989); *see also Ramirez v. Galaza*, 334 F.3d 850, 858-59 (9th Cir. 2003) (implying that claim, which if successful would "necessarily" or "likely" accelerate the prisoner's release on parole, must be brought in a habeas petition).

Here, Plaintiff's claims affect the duration of his custody and the determination of the claim may result in entitlement to an earlier release, and therefore must be brought in habeas. *See Butterfield*, 120 F.3d at 1024. Furthermore, although a district court may construe a habeas petition by a prisoner attacking the conditions of his confinement as a civil rights action under 42 U.S.C. § 1983, *see Wilwording v. Swenson*, 404 U.S. 249, 251 (1971), the opposite is not true: A civil rights complaint seeking habeas relief should be dismissed without prejudice to bringing it as a petition for writ of habeas corpus. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995). Accordingly, this action should be dismissed without prejudice to Plaintiff's refiling as a petition for habeas corpus pursuant to 28 U.S.C. § 2254. However, the Court notes that Plaintiff already filed a habeas action challenging the probation revocation proceedings. *See Farhat v. People of the State of California*, Case No. 18-06055 BLF (PR). The Court dismissed that action on abstention grounds under *Younger v. Harris*, 401 U.S. 37 (1971). *Id.*, Docket No. 34. Plaintiff was advised that he should not file a new federal petition for a writ of habeas corpus until state court proceedings had concluded and after he had exhausted state judicial remedies. *Id.* That same advisement applies in this action as well.

Furthermore, a claim for damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid is not cognizable under § 1983. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). *Heck* may apply to proceedings that call into question the fact or duration of parole or probation. *Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir.), *cert. denied*, 516 U.S. 851 (1995); *Baskett v. Papini*, 245 Fed.Appx. 677, 678 (2007) (affirming dismissal of section 1983 as *Heck*-barred because prisoner's allegations necessarily called

into question the validity of probation revocation). A prisoner may not question in a § 1983 suit the validity of the confinement resulting from a parole-revocation hearing (or probation revocation) if he does not allege that the parole board's decision has been reversed, expunged, set aside or called into question. *See Littles v. Bd. of Pardons and Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995); *Baskett*, 245 Fed.Appx. at 678. Here, Plaintiff seeks monetary damages for the violation of his constitutional rights in connection with the probation revocation proceedings which are *Heck*-barred. Accordingly, Plaintiff is advised that he may not seek damages for the violation of his constitutional rights in connection with the probation revocation proceedings unless he can show that the probation revocation has been invalidated.

## CONCLUSION

For the reasons set forth above, this action is DISMISSED without prejudice. Plaintiff may file a federal habeas petition once his state criminal proceedings are completed and he has exhausted his state court remedies. Thereafter, he may file a § 1983 seeking damages only if he can show that the probation revocation has been invalidated.

**IT IS SO ORDERED.**

**Dated:** January 28, 2019

BETH LABSON FREEMAN
United States District Judge

Order of Dismissal
PRO-SE\BLF\CR.18\06233Farhat_dism(cr-hc)

4